Michael Zoldan; AZ Bar No. 028128
Jason Barrat; AZ Bar No. 029086
**ZOLDAN LAW GROUP, PLLC**
14500 N. Northsight Blvd., Suite 133
Scottsdale, AZ 85260
Tel & Fax: 480.442.3410
mzoldan@zoldangroup.com
jbarrat@zoldangroup.com

Attorneys for Plaintiffs

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| **Margaret Hart,** Individually and on Behalf of All Others Similarly Situated;<br><br>Plaintiff,<br><br>v.<br><br>**Duncan Trucking, LTD**, an Arizona company;<br><br>Defendant. | Case No.<br><br>**COLLECTIVE ACTION COMPLAINT FOR COMPENSATION UNDER 29 U.S.C. § 201, *ET SEQ.***<br><br>**(Jury Trial Requested)** |

Plaintiff Margaret "Maggie" Hart, individually, and on behalf of all other persons similarly situated, allege as follows:

**PRELIMINARY STATEMENT**

1. Plaintiff and the Collective Members[1] are current and former gate attendants and / or data entry clerks employed by Defendant. Plaintiff brings this action on behalf of herself and all other similarly situated current and former workers who were not fully compensated their overtime wages.

---

[1] Collective Members are fully defined below, under the Collective Action Allegations header.

2. Plaintiff and the Collective Members are current and former gate attendants and / or data entry clerks who were compensated on an hourly basis, and who were not paid one-and-one-half times their regular rates of pay for all time worked in excess of 40 hours in a given workweek.

3. Plaintiff and the Collective Members bring this action against Defendant for their unlawful failure to pay overtime in violation of the Fair Labor Standards Act, 29 U.S.C. § 201-219 (hereinafter "**FLSA**").

4. This is an action for equitable relief, overtime wages, unpaid wages, liquidated damages, interest, attorneys' fees, and costs under the FLSA.

5. The FLSA was enacted "to protect all covered workers from substandard wages and oppressive working hours." Under the FLSA, employers must pay all non-exempt employees one-and-one-half times their regular rates of pay for all time spent working in excess of 40 hours per workweek. *See* 29 U.S.C. § 207(a).

**JURISDICTION AND VENUE**

6. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 201, *et seq*.

7. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and (c) because acts giving rise to the claims of Plaintiff and the Collective Members occurred within the District of Arizona, and Defendant regularly conducts business in and have engaged in the wrongful conduct alleged herein – and, thus, are subject to personal jurisdiction in – this judicial district.

8. This Court has jurisdiction over the subject matter and the parties hereto pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

## **PARTIES**

9. At all relevant times to the matters alleged herein, Plaintiff resided in the State of Arizona.

10. At all relevant times, Plaintiff was an employee of Defendant from in or around November 2018 until on or around May 12, 2020.

11. At all relevant times, Plaintiff was a non-exempt employee.

12. At all relevant times, Plaintiff was employed as a gate attendant and data entry clerk.

13. At all relevant times, Plaintiff was an employee of Defendant as defined by 29 U.S.C. § 203(e)(1).

14. Defendant Duncan Trucking, LTD (hereinafter "**Duncan Trucking**") is an Arizona company, authorized to do business in the State of Arizona, and was at all relevant times Plaintiff and the Collective Members' employer as defined by 29 U.S.C. § 203(d).

15. Plaintiff and the Collective Members, in their work for Defendant, were employed by an enterprise engaged in commerce that had annual gross sales made or business done of at least $500,000 in 2018.

16. Plaintiff and the Collective Members, in their work for Defendant, were employed by an enterprise engaged in commerce that had annual gross sales made or business done of at least $500,000 in 2019.

17. Plaintiff and the Collective Members, in their work for Defendant, were employed by an enterprise engaged in commerce that had annual gross sales made or business done of at least $500,000 in 2020.

18. At all relevant times, Plaintiff and the Collective Members, in their work for Defendant, were engaged in commerce or the production of goods for commerce.

19. At all relevant times, Plaintiff and the Collective Members, in their work for Defendant, were engaged in interstate commerce.

20. Plaintiff and the Collective Members, in their work for Defendant, regularly handled goods produced and transported in interstate commerce.

21. Plaintiff and the Collective Members are covered employees under individual coverage.

22. Plaintiff and the Collective Members are covered employees under enterprise coverage.

23. Defendant refused and/or failed to properly disclose to or apprise Plaintiff and the Collective Members of their rights under the FLSA.

24. Defendant failed to post and keep posted in a conspicuous place the required poster / notice explaining their employee's rights under the FLSA pursuant to 29 C.F.R. § 516.4.

**FACTUAL ALLEGATIONS RELATING TO PLAINTIFF HART**

25. Plaintiff, on behalf of herself and the Collective Members, realleges and incorporates by reference all allegations in all preceding paragraphs.

26. In or around November 2018, Plaintiff began employment with Defendant as a gate attendant and data entry clerk.

27. Plaintiff's primary job duties included attending the gate for drivers to enter and exit, informing drivers where to park, and clerical data entry.

28. Plaintiff's job duties did not include the performance of safety-affecting activities.

29. Plaintiff estimates that she spent over 50% of her time doing office personnel jobs like data entry.

30. Plaintiff was not a driver.

31. Plaintiff was not a driver's helper.

32. Plaintiff was not a loader.

33. Plaintiff was not a mechanic.

34. Plaintiff would regularly work over 40 hours a week and was not compensated overtime wages.

35. Plaintiff would receive straight time pay for all hours worked in excess of 40 in a given workweek.

36. For example, during the pay period of January 25, 2019, Plaintiff worked 15.37 hours of overtime in which she was not compensated time-and-a-half.

**COLLECTIVE ACTION ALLEGATIONS**

37. Plaintiff, on behalf of herself and the Collective Members, realleges and incorporates by reference all allegations in all preceding paragraphs.

38. Plaintiff brings this action on behalf of herself and all other similarly situated individuals pursuant to 29 U.S.C. § 216(b). Plaintiff and the similarly situated individuals work(ed) as a gate attendants and / or data entry clerks (or in a position with similar job titles or job duties) for Defendant. The proposed collective class for the FLSA claim is defined as follows:

> **All persons who worked as a gate attendant and / or data entry clerk (or in other positions with similar job titles or job duties), who worked for**

**Defendant Duncan Trucking, LTD, who worked over 40 hours in any given workweek, and who did not receive time-and-a-half wages for those hours are known as (the "Collective Members").**

39. Plaintiff has given her written consent to be a Named Party Plaintiff in this action pursuant to U.S.C. § 216(b). Plaintiff's signed consent form is attached as **"Exhibit 1"**. As this case proceeds, it is likely that other individuals will file consent forms and join as "opt-in" plaintiffs.

40. At all relevant times, Plaintiff and the Collective Members are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and/or have been subject to Defendant's decision, policy, plan, and common programs, practices, procedures, protocols, routines, and rules of willfully failing and refusing to pay one-and-one-half times Plaintiff's and the Collective Members' regular rates of pay for all time in excess of forty (40) hours per workweek that Defendant suffered or permitted them to work.

41. Plaintiff's claims stated herein are essentially the same as those of the Collective Members. This action is properly maintained as a collective action because in all pertinent aspects the employment relationship of individuals similarly situated to Plaintiff's are identical or substantially similar.

42. Defendant paid Plaintiff and the Collective Members an hourly rate.

43. Plaintiff and the Collective Members routinely worked over forty (40) hours in a given workweek and were not compensated by Defendant with overtime pay for all hours they worked over forty in a given workweek.

44. The Collective Members perform or have performed the same or similar work as Plaintiff.

45. As such, the Collective Members are similar, if not identical, to Plaintiff in terms of job duties, pay structure, and/or the denial of overtime pay.

46. Defendant's failure to pay overtime compensation required by the FLSA results from generally applicable policies or practices and does not depend on the personal circumstances of the Collective Members.

47. The experiences of Plaintiff, with respect to her pay, are typical of the experiences of the Collective Members.

48. All class members, irrespective of their particular job requirements and job titles, are entitled to compensation for hours worked in excess of forty (40) during a given workweek.

49. Notice of this action should be sent to all similarly situated employees.

50. There are numerous similarly situated current and former employees of Defendant who have been denied appropriate compensation in violation of the FLSA, who would benefit from a Court supervised notice of the lawsuit and the opportunity to join the case.

51. Those similarly stated employees are known to Defendant and are readily identifiable through Defendant's records.

**COUNT ONE: (FAIR LABOR STANDARDS ACT
FAILURE AND/OR REFUSAL TO PAY OVERTIME**

52. Plaintiff, on behalf of herself and the Collective Members, realleges and incorporates by reference all allegations in all preceding paragraphs.

53. Plaintiff and the Collective Members were non-exempt employees entitled to the statutorily mandated overtime wages.

54. While employed by Defendant, Plaintiff and the Collective Members worked numerous hours of overtime that Defendant did not pay.

55. As a result, Defendant has intentionally failed and/or refused to pay Plaintiff and the Collective Members all owed overtime according to the provisions of the FLSA.

56. Defendant further has engaged in a widespread pattern and practice of violating the provisions of the FLSA by failing and/or refusing to pay Plaintiff and the Collective Members in accordance with 29 U.S.C. § 207.

57. Defendant knew that – or acted with reckless disregard as to whether – their refusal or failure to properly compensate Plaintiff and the Collective Members over the course of their employment would violate federal law, and Defendant was aware of the FLSA overtime requirements during Plaintiff's and the Collective Members' employment. As such, Defendant's conduct constitutes a willful violation of the FLSA.

58. As a result of Defendant's failure or refusal to pay Plaintiff and the Collective Members a wage equal to one-and-one-half times Plaintiff's and the Collective Members' regular rates of pay for work they performed for Defendant in excess of their regular 40-hour workweek, Defendant violated 29 U.S.C. § 207(a). Plaintiff and the Collective Members are therefore entitled to compensation of one-and-one-half times their regular rates of pay, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, reasonable attorney's fees, and costs

**WHEREFORE**, Plaintiff, individually, and on behalf of all other similarly situated persons, respectfully requests that this Court grant the following relief in Plaintiff's and the Collective Members' favor, and against Defendant:

A. Designation of this action as a collective action on behalf of the FLSA Collective Members (asserting FLSA claims) and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to timely assert FLSA claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b);

B. For the Court to declare and find that the Defendant committed one or more of the following acts:

   i. violated overtime provisions of the FLSA, 29 U.S.C. § 207, by failing to pay overtime wages;

   ii. willfully violated overtime provisions of the FLSA, 29 U.S.C. § 207;

C. For the Court to award compensatory damages, including liquidated damages pursuant to 29 U.S.C. § 216(b), to be determined at trial;

D. For the Court to award prejudgment and post-judgment interest;

E. For the Court to award Plaintiff's reasonable attorneys' fees and costs of the action pursuant to 29 U.S.C. § 216(b) and all other causes of action set forth herein;

F. For the Court to provide reasonable incentive awards for the named Plaintiff to compensate her for the time she spent attempting to recover wages for the Collective Members and for the risks she took in doing so; and

G. Such other relief as this Court shall deem just and proper.

# JURY TRIAL DEMAND

Plaintiff and the Collective Members hereby demand a trial by jury on all issues so triable.

RESPECTFULLY SUBMITTED June 15, 2020.

**ZOLDAN LAW GROUP, PLLC**

By: /s/ Jason Barrat
14500 N. Northsight Blvd., Suite 133
Scottsdale, AZ 85260
Attorneys for Plaintiffs